IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

FILED
JUN 26 2015
Clerk, U.S. District Court
District Of Montana
Billings

| UNITED STATES OF AMERICA, | Cause No. CR 13-049-BLG-SPW |
| --- | --- |
| Plaintiff/Respondent, | CV 14-154-BLG-SPW |
| vs. | ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |
| ANGELA CORSON SMITH, | |
| Defendant/Movant. | |

This case comes before the Court on Defendant/Movant Angela Corson Smith's motion to vacate, set aside, or correct her sentence, pursuant to 28 U.S.C. § 2255. To distinguish Defendant/Movant from her ex-husband, Smith, she will be referred to in this Order by her maiden name, Corson. Corson is a federal prisoner proceeding pro se.

Corson's motion was filed on December 10, 2014. On December 11, 2014, she was advised that the motion was deficient, and she was given an opportunity to file a supplement. *See* Order to Smith [Corson] (Doc. 76). She filed a supplement on January 12, 2015. *See* Supp. (Doc. 77). Thereafter, she sent letters to the Court, seeking, in effect, a private conversation with the Court about her daughter's needs and means by which Corson could meet those needs – viz., release from prison. Corson was advised that such letters were inappropriate and would not be considered. She was also given an opportunity to file another supplement. She did

1

so on June 1, 2015. *See* Resp. to Order (Doc. 82).

In reviewing Corson's submissions, the Court has refreshed its memory by consulting the court reporter's rough transcript of the sentencing hearing. Pursuant to 28 U.S.C. § 753(f), the United States will be required to order the transcript for the Court's file and for Corson.

## I. Preliminary Screening

The motion is subject to preliminary review to determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). "[I]t is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Procedural Background

On June 20, 2013, a grand jury indicted Corson on one count of bank fraud,

a violation of 18 U.S.C. § 1344(1) (Count 1); one count of aggravated identity theft, a violation of 18 U.S.C. § 1028A(a)(1) (Count 2); one count of making false statements to a bank, a violation of 18 U.S.C. § 1014 (Count 3); one count of wire fraud relating to an individual, one J.D.K., a violation of 18 U.S.C. § 1343 (Count 4); and four counts of wire fraud, violations of 18 U.S.C. § 1343.

The first three counts of the Indictment related to Smith and the Altana Federal Credit Union. Corson falsely executed and falsely notarized a document purporting to give her Smith's power of attorney in order to obtain a home equity loan from Altana, using Smith's home as collateral and telling Altana the loan would be used for construction at the home. Count 4 alleged a scheme to obtain money from J.D.K., an individual. Counts 5 through 8 arose from Corson's fraudulent solicitation of funds to start a fictitious business venture, Medical Billing Advocates of Montana ("MBAM"). Indictment (Doc. 1) at 2-12. Assistant Federal Defender Steven C. Babcock was appointed to represent Corson. Order (Doc. 6).

On July 15, 2013, the parties filed a fully executed plea agreement. Corson pled guilty in open court on July 17, 2013. Minutes (Doc. 23). Before sentencing, however, then-presiding United States District Judge Sam E. Haddon notified the parties that he rejected the plea agreement. Minutes (Doc. 37). At the scheduled sentencing hearing, Corson withdrew her guilty plea. Minutes (Doc. 38).

3

On December 11, 2013, a second plea agreement was filed. Corson agreed to plead guilty to Counts 1 and 8 of the Indictment. The parties agreed to specific amounts and recipients of restitution. Second Plea Agreement (Doc. 45) at 2-3 ¶ 2. The United States agreed to dismiss the remaining counts and to recommend a three-point reduction for acceptance of responsibility. *Id.* at 3 ¶ 2, 12 ¶ 6. Corson agreed to waive her right to appeal the reasonableness of the sentence unless she objected to the guideline calculation. She also waived her right to file a motion under 28 U.S.C. § 2255, except as to facts not known at the time of the change of plea hearing or as to allegations of ineffective assistance of counsel. *Id.* at 12-14 ¶ 8. Smith pled guilty to Counts 1 and 8 in open court on January 9, 2014. Minutes (Doc. 55).

At Corson's change of plea hearing, as to Count 1, the Court advised the parties, "I don't want Ms. Smith [Corson] to think that she can come before the Court today and say that she shouldn't be held accountable and responsible because her ex-husband spent some of the money. I'm not going to accept that." Change of Plea Tr. (Doc. 72) at 46:23-47:3. In response, Corson stated, under oath, that she submitted Smith's power of attorney to Altana "without his knowledge . . . [t]o obtain the home equity loan, which then went into our joint account," and that she forged his signature and notarized it herself in order to get the loan. *Id.* at 47:18-48:22. Corson also agreed that she represented to Altana that she had

4

Smith's power of attorney, that Altana would not have authorized or provided money to her if it had known she was acting without Smith's consent, that she did not in fact have his power of attorney, and that she acted with the intent to defraud Altana. *Id.* at 48:23-51:13. As to Count 8, Corson admitted she lied when she told B.W. that she was "gravely ill, on [her] death bed," or "[her] daughter was gravely ill," and that she lied because she wanted to obtain and did obtain $35,000 as a result. *Id.* at 51:14-57:13. She also admitted that some of the money she obtained "went into joint accounts with my ex-husband," although her estimate of the amount differed sharply from counsel's estimate based on the discovery provided by the United States. *Compare* Change of Plea Tr. at 53:25-54:2 *with id.* at 55:4-56:5.

Sentencing was held on May 15, 2014. Minutes (Doc. 68). Under the advisory guidelines, Counts 1 and 8 were combined. The loss amount was determined to be the amount of restitution Corson agreed to pay, which excluded sums already repaid by her to some victims (albeit from money belonging to other victims). *See* Presentence Report ¶ 70. Under the advisory sentencing guidelines, the base offense level was 7. Corson received a ten-point upward adjustment based on the amount of the loss, a two-point upward adjustment because her schemes involved sophisticated means, and a three-point downward adjustment for acceptance of responsibility. The total offense level was 16. Corson's criminal

5

history category was I. The advisory guideline range was 21-27 months. Presentence Report ¶¶ 79-90, 105, 222.

Based on all the factors in 18 U.S.C. § 3553(a), Corson was sentenced to serve 27 months on both counts, concurrent, to be followed by a total five-year term of supervised release. Minutes (Doc. 68); Judgment (Doc. 69) at 2-3.

Corson did not appeal. Her conviction became final on May 25, 2014, *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 653-54 (2012). She timely filed her § 2255 motion on December 10, 2014.

## III. Claims and Analysis

Corson contends that the Court erred in its guideline calculations, Mot. § 2255 (Doc. 74) at 5, 9, Supp. (Doc. 77) at 7-9 ¶ 10(a)-(d), 10-17 ¶¶ 11-14; that the sentence is excessive compared to other sentences for similar offenses, *id.* at 7; and that she was "a good candidate for probation," *id.* at 8. She asks the Court to reduce her sentence to six months or, as an alternative, 15 months. *Id.* at 10. With her § 2255 motion, Corson submitted letters, some of which were submitted at the time of the original, vacated sentencing hearing.

Corson also contends that counsel provided ineffective assistance in several respects.[1] She contends that he failed to correct the statement in the presentence

---

[1] Claims of ineffective assistance of counsel are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). Corson must allege facts sufficient to support an inference (1) that counsel's performance fell below an objective standard of reasonableness, *id.* at 687-88, and (2)

6

report that she "never worked" at two hospitals, Supp. (Doc. 77) at 2 ¶ 1; failed to show Corson's ex-husband, Smith, was also culpable in the offense and failed to use his culpability to offset Corson's restitution obligation by seizing and selling Smith's property, *id.* at 2-4 ¶¶ 2-4; failed to object to unprofessional conduct by the probation officer, *id.* at 4-6 ¶¶ 6-8; failed to negotiate for a specific sentence as Corson claims is "common, if not expected," *id.* at 9 ¶ 10(f); and failed to "properly represent Defendants obligations to her minor child," *id.* at 9-10 ¶ 10(g). In her second supplement, she alleges that counsel was ineffective for failing to assert all the matters she now claims were incorrect in her guideline calculation or sentence. Second Supp. (Doc. 82) at 1-2.

Corson's claims are misguided. At sentencing, the Court was well aware that she disagreed with some statements or representations in the presentence report. The probation officer meticulously noted each instance when Corson's view of events differed in fact or in emphasis from the view presented in the report, including what Corson now says about Smith. *See, e.g.*, Presentence Report ¶¶ 10, 11, 15, 16, 17, 18, 23, 27, 32, 33, 34, 51, 52, 62, 72 (at page 27), 75-76, 97, 98, 99, 100, 102, 106, 108, 109, 111, 112, 113, 114, 116, 122, 123, 125, 127, 128,129, 130, 131, 135, 104, 145, 148, 149, 151, 152, 156, 162, 163, 175, 180, 181, 184, 185, 193, 194, 196, 197, 198, 199, 203, 204, 206, 207, 208, 213, 216, 217; *see also*

---

that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694.

7

Addendum at 1 (objection to sophisticated means adjustment), *id.* at 2 (objection to inclusion of ¶¶ 91-92, relating to attempted arson of grandmother's home in 2006 and discovery of fake documents on employer's computer in 2009; *see also* Presentence Report ¶ 204).

Few of these disagreements took the form of denying the entire incident described. In nearly all, Corson disagreed with particular details. These disagreements were not significant. In the Offense Conduct section of the report, the probation officer told the Court what the United States' investigative materials showed. *See* Presentence Report ¶ 9. In other sections of the report, the probation officer described the results of her own investigation, which sometimes included reports from law enforcement and sometimes involved original investigative work by the officer. *See, e.g., id.* ¶¶ 91-102, 106-116. No doubt Corson's view of matters differs from that which emerged from investigation of Corson's activities. But it was appropriate and sufficient for the probation officer to simply note the disagreements, because the sentence imposed did not depend on resolving every dispute. Fed. R. Crim. P. 32(i)(3)(A)-(B). Even if the Court amended each detail Corson contests or contested, or even if disputed matters were removed from the report altogether, the overall picture of Corson would not change. Corson did not before and does not now contest the central fact: she lied, in all kinds of different ways, over and over and over again, to obtain money from all kinds of different

8

people who trusted her and were willing to invest in her talents and her success.

Consequently, none of Corson's allegations against counsel support an inference either that he performed unreasonably or that she was prejudiced by his performance. Counsel had no realistic means of seizing Smith's property to apply it to Corson's restitution obligation. Contrary to Corson's claim, it is unusual in this District for parties to negotiate for specific sentences; the terms of her plea agreement were typical for cases here. Because, at the very least, Corson admitted the United States could prove she used her daughter to lie to people in the hope of obtaining money from them, *see* Plea Agreement (Doc. 45) at 8, the Court need not hear allegations that others misunderstood Corson's obligations to her daughter. Corson's sentence was based on information that was, in all material respects, true, correct, and complete. *See, e.g., Zant v. Stephens*, 462 U.S. 862, 901-03 (1983).

The guideline calculations were correct. Corson mentions two defendants who allegedly intended to cause greater losses but received lesser sentences, but even if that is true, it is not a reason to infer that her within-guidelines sentence was unreasonable or disproportionate to others' sentences. A probationary sentence would not have been adequate to serve the purposes of 18 U.S.C. § 3553(a). Neither Corson's present concern for her daughter nor her daughter's own genuine needs can dictate Corson's release from duly incurred convictions and sentence; Corson's criminal conduct cheated her daughter as well as multiple other victims.

Corson's attempts to bargain for a lesser sentence are misplaced.

All of Corson's claims are denied because they have no merit. A certificate of appealability is denied. No claim makes a showing of any substance that Corson was deprived of a constitutional right, 28 U.S.C. § 2253(c)(2), and no reasonable jurist would find a basis to encourage further proceedings, *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Pursuant to 28 U.S.C. § 753(f), the Court CERTIFIES that the transcript of the sentencing hearing held on May 15, 2014, is required to decide the issues presented by the § 2255 motion.

2. The United States shall immediately order the transcript of the sentencing hearing for the Court's file and shall also deliver a copy to Angela Corson Smith # 12552-046, FDC SeaTac, Federal Detention Center, P.O. Box 13900, Seattle, WA 98198.

3. Corson's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Docs. 74, 77, 82) is DENIED;

4. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Corson files a Notice of Appeal;

5. The Clerk of Court shall ensure that all pending motions in this case and in CV 14-154-BLG-SPW are terminated and shall close the civil file by entering

judgment in favor of the United States and against Angela Corson Smith.

DATED this 26th day of June, 2015.

_____
Susan P. Watters
United States District Court